MARÍA SERRANO WIDOW OF CARTAGENA ET AL., Plaintiffs, Appellees and Appellants, *v.* LEONER ANTONIO LUGO RAMÍREZ and the GREAT AMERICAN INDEMNITY CO., ETC., Defendants, Appellants and Appellees.

No. 12505. Decided August 4, 1961.

*Rivera Zayas, Rivera Cestero* and *Rúa* and *A. Segurola de Diego*
for defendants-appellants-appellees. *Héctor Lugo Bougal,
Carlos J. Irizarry Yunqué* and *E. Goglas Carvajal* for plain-
tiffs-appellees-appellants.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge
of Division, and Mr. Justice Rigau and Mr. Justice Dávila.

PER CURIAM.

Both parties appealed from the judgment rendered by the
Superior Court, Ponce Part, in an action for damages brought
by María Serrano widow of Cartagena *et al.* versus Leoner
Antonio Lugo Ramírez and his insurer, Great American In-
demnity Co.

■ Three errors are assigned in this appeal by the de-
fendant. In the first place, the defendant challenged the
award of damages to one of the plaintiffs, Eleuteria Colón,
a foster daughter of the victim of the accident, and the fact

that in making such award the court took into consideration the relationship of the person furnishing the support and the recipient existing between both. In dismissing this contention, we will refer to the opinion delivered by this Court in *Correa* v. *P. R. Water Resources Authority, ante,* p. **139.** We have nothing to add to what was said there.

It is further contended that the trial court did not determine in the judgment rendered the degree of guilt attributable to the negligent conduct of the predecessor of the plaintiffs and, hence, did not reduce proportionately the amount of the compensation. The trial judge did, in fact, make the following findings as to the manner in which the accident occurred and as to the applicable law:

"That the deceased could have avoided the accident in time if he had turned away from the place where he was standing on the road near the white line when he saw the car coming, since the road was straight and there was no obstacle to obstruct the visibility to the east nor to the west of the road, but the accident became imminent when the vehicle, traveling at an excessive speed, without swerving to the right, without reducing the speed, and without giving notice occupied the center of the road where Cartagena was standing waiting for it to pass, running over the victim in the aforesaid manner.

"... In the case under consideration, Cartagena Febus' death resulted from two direct causes: one, the victim's negligence in foresaking a place of safety away from the road in order to stand on the dividing white line despite the fact that he saw the oncoming vehicle traveling at an excessive speed. The other cause of the damages, *and in our opinion the most important,* was the codefendant's negligence in traveling at an excessive speed on an inhabitated zone, without blowing the horn or sounding any alarm, without reducing the speed upon noticing the presence of Cartagena on the road, and to swerve from the corresponding right lane and cross the white line to run over Cartagena. Although it is true that if the victim had turned away in time the accident would have been avoided, it is no less true that if the driver had operated the vehicle within the limits of the corresponding road lane at a

moderate speed, blowing the horn or sounding the alarm, and bearing in mind the width and the traffic of the road and the populated zone, the accident would not have occurred."

█ It is clear that under the provisions of § 1802 of the Civil Code (31 L.P.R.A. § 5141), as amended by Act No. 28 of June 9, 1956 (Sess. Laws, p. 86), "concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." From the opinion and judgment it does not appear clearly that the corresponding reduction was made in fixing the compensation. We will therefore remand the case to the trial court for proper determination.

█ The appeal taken by the plaintiff merely challenges the insufficiency of the amount awarded for attorney's fees. Although the award of attorney's fees is discretionary with the trial court, the amount awarded in the instant case is in fact small and is not proportionate to the unquestionable effort and professional activity displayed by the attorneys for the plaintiffs. The amount awarded shall be increased from $300 to $1,500.